IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT, and DEBBIE RICHARDS, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN INNS, LLC, SHARMA HOSPITALITY, LLC, PAUL D. SHARMA, and SHAUN B. SHARMA,<br><br>Defendants. | CIVIL ACTION FILE NO. 5:19-cv-22<br><br>COLLECTIVE ACTION COMPLAINT<br><br>For Violations of the Fair Labor Standards Act of 1938, As Amended<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

COME NOW the Plaintiffs Edward Scott and Debbie Richards (hereinafter "Plaintiffs") by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a) file this Complaint on behalf of themselves and all others similarly situated against the Defendants North American Inns, LLC (d/b/a Comfortel Suites)("NAI"), Sharma Hospitality, LLC, Paul D. Sharma, and Shaun B. Sharma (hereinafter collectively referred to as "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*)(hereinafter "the FLSA"), and in support thereof would state as follows:

## I. INTRODUCTION

1. The instant collective action is filed to remedy violations of the provisions of the FLSA by Defendants which have deprived the named Plaintiffs of their lawful regular and overtime wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiffs and all current and former employees of Defendants who are similarly situated to the Plaintiffs, pursuant to the FLSA. The Plaintiffs and the similarly situated collective group are or have been employed by Defendants, working as staff at a hotel owned and operated by Paul Sharma and Shaun Sharma.

4. During the applicable three-year statute of limitations prior to the filing of Plaintiffs' First Complaint[1], Defendants have willfully committed widespread violations of the FLSA by failing to compensate employees at proper straight and overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Defendants offered Plaintiffs residency at Defendants' hotel and $37.50-$50.00 every two weeks in exchange for the Plaintiffs' agreement to perform the equivalent of full-time employment (40 hours per week) for the hotel. However, Defendants failed to meet a number of requirements necessary to qualify for credit towards wages pursuant to Section 3(m) of the FLSA.

6. Defendants exceeded the deductible credit allowed pursuant to Section 3(m) of the FLSA by charging Plaintiffs substantially more than the "reasonable cost" of the lodging provided to Plaintiffs as defined in 29 C.F.R. 531.3(a), disqualifying Defendants from credit under Section 3(m) of the FLSA.

7. Plaintiffs who cohabitate are paid no more in regular wages than individuals living in Defendants' hotel rooms by themselves. Pursuant to Section 3(m) of

---

[1] Plaintiffs' filed a similar lawsuit in this Court on January 31, 2018 (Case No.: 5:18-cv-6), which was dismissed without prejudice by Magistrate Judge Benjamin Cheesbro on December 7, 2018 [Doc. 41] after the parties had settled that matter. However, the Court denied Plaintiffs' motion to set aside that dismissal after Defendants breached the settlement agreement by failing to pay any sums owed to Plaintiffs thereunder (Doc. 48) leaving Plaintiffs no alternative but to file the same lawsuit, but with a breach of contract claim included. Plaintiffs respectfully request that their statute of limitations be tolled as of January 31, 2018, the date the original action was filed.

the FLSA, cohabitation should halve the amount of work performed by each individual provided in lieu of rent for one room by the Plaintiffs, but because Defendants failed to properly acknowledge cohabitation or compensate cohabitating employees accordingly, Defendants are disqualified from utilizing Section 3(m) of the FLSA and are liable for unpaid straight time to Plaintiffs.

8. Once Plaintiffs took residency at Defendants' hotel, Defendants' forced Plaintiffs to work overtime, without compensation, by threatening to kick them, their families, and their belongings out on the street if they refused to work in excess of 40 hours per week without compensation. True to their word, on January 20, 2018, within 24 hours of Plaintiff Scott complaining to Defendants that he was working overtime without compensation, Defendants removed the lock from Plaintiff Scott's residence (an on-site hotel room which he shared with his fiancé, and co-Plaintiff, Shannon Akin), called the Douglas Police Department, and had Plaintiffs Scott and Akin forcibly evicted (in violation of O.C.G.A. §§ 44-7-1(a), 44-7-6, and 44-7-7). A number of Plaintiff Scott's and Akin's personal possessions were confiscated and/or discarded by Defendants following their unlawful eviction. When Plaintiff Debbie Richards refused to acquiesce to Defendants' demand that she have no personal contact with Plaintiffs Scott or Akin, she was also terminated and evicted within 12 hours.

9. On January 31, 2018 Plaintiffs filed a claim in this Court for violations of the FLSA and retaliation. *Scott, et al, v. North American Inns, LLC, et al.*, Case No.: 5:18-cv-6 (S.D.Ga. 2018). The parties reached a settlement in that case on October 10, 2018. *See* "Exhibit 1," hereto. Pursuant to the terms of that agreement, Plaintiff's initial FLSA lawsuit was dismissed, without prejudice, by Magistrate Judge Benjamin Cheesbro on December 7, 2018. Pursuant to the terms of the settlement agreement, which was signed by Plaintiffs Edwards and Richards, and Defendants P. Sharma and S. Sharma, Defendants' first payment to plaintiffs was due not later than December 21, 2018. Defendants have, to date, failed to make any payments under that Settlement Agreement.

10. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b). Plaintiffs Scott and Richards also seek compensation and punitive damages resulting from Defendants' retaliation in terminating their employment and evicting them from their residences within 24 hours of Plaintiff Scott complaining to Defendants about unpaid overtime compensation.

## II. JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

12. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal place of business within this District.

## III. PARTIES

13. Plaintiff EDWARD SCOTT resides in Douglas, Georgia (within this District) and is a citizen of the United States. Scott was employed by the Defendants within this District.

14. Plaintiff DEBBIE RICHARDS resides in Douglas, Georgia (within this District) and is a citizen of the United States. Richards was employed by the Defendants within this District.

15. At all times material to this action, the named Plaintiffs and all members of the collective action are and/or were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA for the period

in which they were employed by Defendants. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). *See* Consent Forms attached hereto as "Exhibit 2." Plaintiffs and the similarly situated employees are individuals who were, or are, employed by NAI as hotel staff.

16. Defendant North American Inns, LLC ("NAI") is a corporation based in Georgia which conducts business within this State and District and maintains its principal place of business at 1007 North Peterson Avenue, Douglas, Georgia 31533 (within this District). NAI owns and operates a hotel, Comfortel Suites, located at 1007 North Peterson Avenue, Douglas, Georgia 31533.

17. NAI maintains either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

18. NAI is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated registered agent, Paul D. Sharma located at 1007 North Peterson Avenue, Douglas, Georgia 31533.

19. At all times material to this action, NAI was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

20. Defendant Sharma Hospitality, LLC is a corporation based in Georgia which conducts business within this State and District and maintains its principal place

of business at 1007 North Peterson Avenue, Douglas, Georgia 31533 (within this District). Defendant Sharma Hospitality, LLC owns and operates a hotel, Comfortel Suites, located at 1007 North Peterson Avenue, Douglas, Georgia 31533.

21. Defendant Sharma Hospitality, LLC maintains either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

22. Defendant Sharma Hospitality, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated registered agent, Shaun B. Sharma located at 1007 North Peterson Avenue, Douglas, Georgia 31533.

23. At all times material to this action, Sharma Hospitality, LLC[2] was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

24. Defendant Paul D. Sharma was an owner and operator of the corporate defendants during the applicable statute of limitations and participated in the

---

[2] For example, both NAI and Sharma Hospitality, LLC regularly use materials made outside of the State of Georgia to conduct their business, such as telephones, facsimile machines, furniture, and appliances. Both NAI and Sharma Hospitality, LLC regularly utilize bank and credit accounts with financial institutions located outside of the State of Georgia. The hotel owned by NAI and Sharma Hospitality, LLC regularly conducts business with customers who have travelled from outside of the State of Georgia.

day-to-day operations, including the manner in which the corporate defendants paid their employees.

25. Defendant Shaun B. Sharma was an owner and operator of the corporate defendants during the applicable statute of limitations and participated in the day-to-day operations, including the manner in which the corporate defendants paid their employees.

26. At all times material to this action, Defendants were "employers" of the named Plaintiffs and/or others similarly situated, as defined by § 203(d) of the FLSA.

27. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. COLLECTIVE CLAIMS

28. During the period of time material to this action, Defendants employed Plaintiffs Edward Scott, Debbie Richards, and other similarly situated individuals.

29. During periods throughout the last three years Defendants failed to properly compensate Plaintiffs for overtime and regular hours worked in violation of the FLSA.

UNPAID STRAIGHT TIME

30. Throughout the last three years, Defendants took improper deductions from their employees' paychecks in violation of Section 3(m) of the FLSA. Specifically, Defendants only paid its employees $37.50-$50.00 per week for

9

40 hours of work. A table reflecting the lost straight wages of the two named Plaintiffs is attached hereto as "Exhibit 3." The formula for determining unpaid straight wages reflected in Exhibit 3 is:

($7.25 [minimum wage] X 40 [hours per week]) - $37.50/$50.00 [weekly amount paid by Defendants to Plaintiffs] X [number of weeks employed]

UNPAID OVERTIME COMPENSATION

31. During periods throughout the last three years, Plaintiffs frequently worked more than 40 hours per week without being paid overtime compensation. The amount of unpaid overtime due to the three named Plaintiffs is included in Exhibit 3. The formula for determining unpaid overtime wages reflected in Exhibit 3 is:

$7.25 [minimum wage] X 30 [overtime hours worked, on average, by Plaintiffs] X [number of weeks employed]

32. Plaintiff Scott alleges that he was not paid straight or overtime compensation during the weeks of : 8/7/17, 8/14/17, 8/21/17, 8/28/17, 9/4/17, 6/11/17, 9/18/17, 9/25/17, 9/25/17, 10/2/17, 10/9/17, 10/16/17, 10/23/17, 10/31/17, 11/6/17, 11/13/17, 11/20/17, 11/27/17, 12/4/17, 12/11/17, 12/18/17, 12/25/17, 1/1/18, 1/8/18, and 1/15/18.

33. Plaintiff Richards alleges that she was not paid straight or overtime compensation during the weeks of : 12/19/16, 12/26/16, 1/2/17, 1/9/17, 1/16/17, 1/23/17, 1/30/17, 2/6/17, 2/13/17, 2/20/17, 2/27/17, 3/6/17, 3/13/17, 3/20/17,

3/27/17, 4/3/17, 4/10/17, 4/17/17, 4/24/17, 5/1/17, 5/8/17, 5/15/17, 5/22/17, 5/29/17, 6/5/17, 6/12/17, 6/19/17, 6/26/17, 7/3/17, 7/10/17, 7/24/17, 7/31/17, 8/7/17, 8/14/17, 8/21/17, 8/28/17, 9/4/17, 9/11/17, 9/18/17, 9/25/17, 10/2/17, 10/9/17, 10/16/17, 10/23/17, 10/30/17, 11/6/17, 11/13/17, 11/20/17, 11/27/17, 12/4/17, 12/11/17, 12/18/17, 12/25/17, 1/1/18, and 1/15/18.

## V. INDIVIDUAL CLAIMS

### RETALIATION

34. Defendants unlawfully retaliated against Plaintiffs Scott by terminating his employment, changing the locks, calling the police to forcefully remove Plaintiff Scott from his residence under threat of arrest, and confiscating and/or discarding personal items within 24 hours of Plaintiff Scott raising concerns about Defendants' failure to pay him overtime compensation.

35. Defendants unlawfully retaliated against Plaintiff Debbie Richards by terminating her employment after she refused Defendants demand not to communicate with Plaintiff Scott following Plaintiff Scott's termination/eviction.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Defendants intentionally engaged in conduct which was extreme and outrageous and which was certain to cause emotional distress to Plaintiffs Scott, and Richards and did in fact cause distress to Plaintiffs Scott and Richards in

11

terminating Plaintiff Scott's and Richards' employment and forcefully evicting them from their respective residences within 24 hours of Plaintiff Scott raising questions and concerns about his unpaid overtime compensation.

37. Defendants knew or reasonably should have known that its conduct would cause Plaintiffs Scott and Richards to suffer emotional distress.

38. Plaintiffs Scott and Richards have in fact suffered and continues to suffer emotional distress as a result of Defendants' wrongful conduct.

39. Plaintiffs Scott and Richards are entitled to recover both actual and punitive damages against Defendants, as well as attorneys' fees, for the emotional distress the Ritz has inflicted upon her in an amount to be determined by the enlightened conscience of an impartial jury.

BREACH OF CONTRACT

40. The parties entered into a Settlement Agreement on October 10, 2018. *See* "Exhibit 1," hereto. Pursuant to the terms of the settlement agreement, which was signed by Plaintiffs Edwards and Richards, and Defendants P. Sharma and S. Sharma, Defendants' first payment to plaintiffs was due not later than December 21, 2018. Defendants have, to date, failed to make any payments under that Settlement Agreement.

### III. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, they be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants for any NAI operation within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid straight or regular overtime compensation by Defendants for all hours worked at any time during the preceding three years.

B. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiffs for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business.

C. That all Plaintiffs be awarded prejudgment interest;

D. That all Plaintiffs be awarded reasonable attorneys' fees;

  E. That the Court order specific performance of the Settlement Agreement entered into by the parties;

  F. That all Plaintiffs be awarded the costs and expenses of this action; and

  G. That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.[3]

Respectfully submitted this 13th day of March, 2019.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

---

[3] Plaintiffs have attached hereto a Civil Action Cover Sheet as "Exhibit 4" and a Summons for each defendant as "Exhibits 5-8."