## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between EDWARD SCOTT ("Scott") and DEBBIE RICHARDS ("Richards")(collectively "Plaintiffs") and PAUL D. SHARMA, ("PDS") and co-defendants SHAUN B. SHARMA ("SBS") and NORTH AMERICAN INNS, LLC ("NAI") (PDS, SBS and NAI are collectively referred to as the "Defendant")

## RECITALS

This Agreement is made with reference to the following facts:

A. **WHEREAS**, Edward Scott and Debbie Richards are Plaintiffs in a lawsuit filed against Defendant that is currently pending in the United States District Court for the Southern District of Georgia and styled as *Edward Scott and Debbie Richards v. Paul Sharma*, Civil Action No. 5:18-cv-00006 (LGW-BWC), (the "Lawsuit"); and,

B. **WHEREAS**, Defendant denies the validity of Plaintiffs' claims and denies that it is subject to any liability; and,

C. **WHEREAS**, the Parties wish to settle their differences without further litigation; and,

D. **WHEREAS**, Defendant is willing to provide Plaintiffs with certain considerations described below, which it is not required to, provided Plaintiffs dismiss their Lawsuit without prejudice, release Defendant from any claims Plaintiffs have made or might make relating to the claims set forth in Plaintiffs' Complaint, and agree to comply with the other promises and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficient of which are hereby; acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Definitions:** Throughout this Agreement, the terms:

    A. Defendant shall include the following:

    (i)    Paul D. Sharma, Shaun B. Sharma, NAI as well as their estate, successors and assigns, and affiliated corporations.

3. **Settlement Sum:** As consideration for Plaintiffs signing this Agreement and compliance with the promises made herein, Defendant PDS (but not SBS or NAI which shall have no liability for the payments described below) agrees to pay Plaintiffs and their counsel a total of thirty-four thousand nine-hundred eighty dollars and zero cents ($34,980.00) (the "Settlement Sum"), as follows:

   a. Defendant PDS shall issue payment in the amount of $7,728.50, allocated to Scott. This payment shall be characterized as liquidated damages pursuant to the anti-retaliation provisions of the FLSA; and

   b. Defendant PDS shall issue payment in the amount of $15,701.50, allocated to Richards. This payment shall be characterized as liquidated damages pursuant to the anti-retaliation provisions of the FLSA; and

   c. Defendant PDS shall issue payment in the amount of $11,550.00 allocated to The Kaspers Firm, LLC, for attorney's fees and costs; and

   d. The amounts set forth in the immediately preceding paragraphs shall be paid according to the following schedule, with the initial payment due no later than ten (10) days after the approval of this Agreement by the Court, the second payment due no later than thirty (30) days after the approval of this Agreement by the Court, and subsequent payments to be paid to The Kaspers Firm, LLC by mail to the address below, no later than the thirtieth day thereafter until paid in full as follows:

   | Amount | Payment No. |
   | --- | --- |
   | $3,480.00 | 1 |
   | $1,000.00+ (each such payment to be $1,000.00 at a minimum) | 2 |
   | $1,000.00+ | 3 |
   | $1,000.00+ | 4 |
   | $1,000.00+ | 5 |
   | $1,000.00+ | 6 |
   | $1,000.00+ | 7 |
   | $1,000.00+ | 8 |
   | $1,000.00+ | 9 |
   | $1,000.00+ | 10 |
   | $1,000.00+ | 11 |
   | $1,000.00+ | 12 |
   | $1,000.00+ (no less than $17,000.00 | 13 |

| | |
|---|---|
| in aggregate since payment No. 2) | |
| $1,000.00+ | 14 |
| $1,000.00+ | 15 |
| $1,000.00+ | 16 |
| $1,000.00+ | 17 |
| $1,000.00+ | 18 |
| $1,000.00+ | 19 |
| $1,000.00+ (all remaining amount due) | 20 |

MAIL CHECKS TO:

The Kaspers Firm, LLC
152 New Street, Suite 109B
Macon, Georgia 31201
Tel. 404-944-3128
tyler@kaspersfirm.com

The Kaspers Law Firm shall be responsible for making further distribution of the funds received herein to the proper Plaintiff party or to itself as earned as attorneys' fees. To the extent required for tax accounting, the Kaspers Law Firm shall allocate and inform Defendant PDS how much money was allocated in any tax year to which recipient party.

e. Defendant shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (a) a facsimile or electronic copy of this Agreement appropriately signed and dated by Plaintiffs; (2) and an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against all Defendants in the matter of *Edward Scott and Debbie Richards v. North American Inns, et al.,* Civil Action No. 5:18-cv-00006 (LGW-BWC), currently pending in the United States District Court for the Southern District of Georgia. This Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this Agreement (the "Effective Date" defined as the first day after Defendant has received from Plaintiffs all of the items described in this paragraph). Plaintiffs shall also provide a signed original of the Agreement for execution by Defendant's representative. Plaintiffs will be provided with a copy of the fully executed Agreement.

4. **Consideration:** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of this Agreement and the fulfillment of the promises contained herein.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiffs agree to and shall dismiss without prejudice the Lawsuit filed against all Defendants within 5 days after the Court approves this Agreement.. In addition, Plaintiffs, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges Defendant of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiffs may now have or has ever had related directly or indirectly to the allegations in the Lawsuit, including, claims for wages, back pay, front pay, reinstatement, damages, or benefits relating to unpaid straight time, overtime compensation, and retaliation.

   a. NOTHING IN THIS AGREEMENT IS INTENDED TO OR SHALL PREVENT, IMPEDE OR INTERFERE WITH PLAINTIFFS' NON-WAIVABLE RIGHT, WITHOUT PRIOR NOTICE TO DEFENDANTS, TO PROVIDE INFORMATION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, THE NATIONAL LABOR RELATIONS BOARD, THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, THE SECURITIES AND EXCHANGE COMMISSION OR ANY OTHER FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY OR COMMISSION ("GOVERNMENT AGENCIES"), PARTICIPATE IN INVESTIGATIONS, , TESTIFY IN PROCEEDINGS REGARDING DEFENDANT'S PAST OR FUTURE CONDUCT, OR ENGAGE IN ANY FUTURE ACTIVITIES PROTECTED UNDER THE WHISTLEBLOWER STATUTES ADMINISTERED BY OSHA, OR TO RECEIVE AND FULLY RETAIN A MONETARY AWARD FROM A GOVERNMENT-ADMINISTERED WHISTLEBLOWER AWARD PROGRAM FOR PROVIDING INFORMATION DIRECTLY TO ANY GOVERNMENT AGENCIES. NOT WITHSTANDING THE FOREGOING, PLAINTIFF SHALL NOT INITIATE OR FILE ANY SUCH ACTIONS OR COMPLAINTS AGAINST DEFENDANT.

   b. This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

6. **Tax Liability:** Plaintiffs understand that Defendant may issue IRS Form 1099s for the payments specified in paragraphs 3(a) and (b) of this Agreement that are not subject to withholding. In paying the amount specified in paragraphs 3(a) and (b), Defendant makes no representation regarding the tax consequences or liability arising from said payments. Plaintiffs understand and agree that any and all tax liability that may be due or become due because of the payments

4

referenced in paragraphs 3(a) and (b) of this Agreement are their sole responsibility, and that they will pay any such taxes that may be due or become due. Defendant has no monetary liability or obligations regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a) and (b) of this Agreement to Plaintiffs' counsel). Plaintiffs agree to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. Plaintiffs further agree to hold Defendant harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the sums set forth in paragraphs 3(a) and (b) of this Agreement. In the event Defendant receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Defendant, Defendant shall promptly, after receipt of such written notice, notify Plaintiffs by letter sent to counsel for Plaintiffs.

7. **Confidentiality and Mutual Non-disparagement:** The parties agree to maintain the confidentiality of the terms of this Agreement to the extent permissible under the Fair Labor Standards Act. Plaintiff agrees not to disparage Defendant. Defendant agrees not to disparage Plaintiffs. As used herein, the term disparagement shall refer to any negative implication disclosed to any third party whatsoever, in any for or medium, including, without limitation, social media, emails, texts, facebook postings, twitter, Instagram, telephone or verbal conversations or any writings of any kind. Defendant agrees to provide prospective employers of Plaintiffs with confirmation of their dates of service to Defendant.

   Defendants shall not contact or discuss the terms or existence of this Agreement with co-plaintiff Shannon Aiken unless required by law.

   This covenant of nondisparagement and confidentiality is a material inducement for Defendant to enter into this Settlement Agreement; Plaintiff's acknowledge and agree that breach will subject them to liability and to the cessation of all payments due hereunder.

8. **Affirmations:** Plaintiffs represent and affirm that, other than his Lawsuit referenced herein, they have no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendant with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and the Parties have not sold, assigned, transferred, conveyed, or

otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

10. **Governing Law and Jurisdiction:** This Agreement shall be construed and enforced according to the laws of the State of Georgia, except as to the choice of law rules thereof or to the extent pre-empted by federal law. All disputes concerning the application or enforcement of this Agreement shall, if necessary, be tried in a court of competent jurisdiction in Macon-Bibb County or the U.S. District Court for the Southern District of Georgia (the "Court"). The parties hereby consent to the personal jurisdiction of the courts of Macon-Bibb County and the Southern District of Georgia, provided that they shall first request the Court, and Magistrate Judge Benjamin W. Cheesebro, to preside over the enforcement of this Settlement Agreement to the extent allowed by law.

11. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability or unlawful conduct of any kind. Defendant restates its denial of all liability of any kind, and the absence of any finding to the contrary,

12. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

14. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of an section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed to be a part of this Agreement.

To the extent that any general release or dismissal in this Agreement is deemed to be illegal, invalid, or unenforceable, Plaintiffs agree to and shall concurrent herewith, execute a valid full and final release of equal scope, covering any and all claims, in exchange for the obligations contained in this Agreement and for

independent consideration paid and represented therein, in the event such payments have not already been made, in order to effectuate a dismissal without prejudice of his Lawsuit filed against all Defendants.

15. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

16. **Entire Agreement:** This Agreement sets forth the entire Agreement between the parties hereto (other than the related documents and agreements referred to herein such as the notices of dismissal and motion to approve this Agreement), and fully supersedes any prior obligation of Defendant to Plaintiffs, except that it shall not supersede any agreement related to confidential and proprietary information. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to him in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

17. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

18. **Counterparts:** This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

19. **Breach:** In the event of a breach of this Agreement by Plaintiffs, Defendant shall have no obligation to make any outstanding payments. In the event of a breach of this Agreement by Defendant, any amounts unpaid will be due immediately to Plaintiffs. In the event of a breach, the prevailing party shall be entitled to all costs and attorney's fees relating to that breach.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT UNDER THE FAIR LABOR STANDARDS ACT.

[Signatures on following page]

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**PLAINTIFFS**

Dated:_____     By:_____
                                 EDWARD SCOTT

Dated: 10-11-18                  By: *Debbie Richards*
                                 DEBBIE RICHARDS

**DEFENDANTS**

Dated:_____     By:_____
                                 PAUL D. SHARMA

Dated:_____     By:_____
                                 SHAUN B. SHARMA

Dated:_____     By: North American Inns, LLC

                                 By:_____
                                 Paul D. Sharma,
                                 Authorized Agent

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**PLAINTIFFS**

Dated: 10-10-18                         By: *Edward Scott*
                                        EDWARD SCOTT

Dated: _____                   By: _____
                                        DEBBIE RICHARDS

**DEFENDANTS**

Dated: _____                   By: _____
                                        PAUL D. SHARMA

Dated: _____                   By: _____
                                        SHAUN B. SHARMA

Dated: _____                   By: North American Inns, LLC

                                        By: _____
                                        Paul D. Sharma,
                                        Authorized Agent

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

PLAINTIFFS

Dated:_____    By:_____
                                EDWARD SCOTT

Dated:_____    By:_____
                                DEBBIE RICHARDS

DEFENDANTS

Dated: 10-8-18              By: _[signature]_
                                PAUL D. SHARMA

Dated: 10-8-18              By: _[signature]_
                                SHAUN B. SHARMA

Dated: 10-8-18              By: North American Inns, LLC

                            By: _[signature]_
                                Paul D. Sharma,
                                Authorized Agent