# In the United States District Court for the Southern District of Georgia Waycross Division

EDWARD SCOTT and DEBBIE RICHARDS, on behalf of themselves and all other similarly situated,

    Plaintiffs,

v.

NORTH AMERICAN INNS, LLC; SHARMA HOSPITALITY, LLC; PAUL D. SHARMA; and SHAUN B. SHARMA,

    Defendants.

5:19-CV-022

### ORDER

Before the Court is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, dkt. no. 5. The Motion is fully briefed and is ripe for review. For the reasons that follow, the Motion is **CONVERTED** to a motion for summary judgment.

### BACKGROUND

The facts stated herein are taken solely from the allegations in Plaintiffs' Complaint. Plaintiffs Edward Scott and Debbie Richards worked at a hotel owned and operated by Defendants. Dkt. No. 1 ¶ 3. Plaintiffs were given residency at the hotel and paid between $37.50-$50.00 every two weeks in exchange for their agreement to work 40 hours per week at the hotel. Id. ¶ 5.

AO 72A
(Rev. 8/82)

Plaintiffs first allege that Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to compensate Plaintiffs at a proper straight time rate and to pay Plaintiffs overtime. Id. ¶ 4. Not only were Plaintiffs underpaid, they allege, but Defendants forced Plaintiffs to work overtime by threatening to kick them, their families, and their belongings out of the hotel if Plaintiffs refused to work over 40 hours per week. Id. ¶ 8. In fact, Plaintiff Scott complained to Defendants that he was working overtime without compensation, and within 24 hours of his complaint, Defendants forcibly evicted Scott. Id. Then, Plaintiff Richards was terminated and evicted because she refused to follow Defendants' demand that she not have personal contact with Scott. Id. As a result of these actions, Scott and Richards seek damages for retaliation and intentional infliction of emotional distress.

Plaintiffs previously filed an action in this Court against Defendants for violations of the FLSA and retaliation. Id. ¶ 9. In that action, Plaintiffs and Defendants entered a settlement agreement. Id. Per the terms of that agreement, Defendants first payment to Plaintiffs was due not later than December 21, 2018. Id. Nevertheless, at the time this action was filed, Defendants had not made any payments. Id. As a result of Defendants' failure to abide by the terms of the settlement agreement, Plaintiffs seek damages for breach of contract.

## DISCUSSION

Defendants argue that this action is due to be dismissed because Defendant North American Inns, LLC does not gross over $500,000 a year, as required to be an entity covered under the FLSA. In addition, Defendants argue that this action is due to be dismissed because Plaintiffs were not employees within the meaning of the FLSA and were not engaged in interstate commerce within the meaning of the FLSA. In support, Defendants attached to their Motion a document purporting to be the Profit and Loss data for the hotel for the year of 2017, see dkt. no. 5-1, and a declaration of Defendant Shaun Sharma, see dkt. no. 5-2. Plaintiffs' response brief contests these points and attached to their brief are a declaration by Richards along with several other documents.

"It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990). If the court does so, then the "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). Here, matters outside of the pleadings will be considered by the Court. Accordingly, this Motion must be converted to a motion for summary judgment.

AO 72A
(Rev. 8/82)

When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing at least 10 days for the parties to supplement the record accordingly. <u>Trustmark Ins. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1267 (11th Cir. 2002). Thus, Defendants shall have twenty-one (21) days from the date of this Order to file any supplemental evidence and briefing. Plaintiff shall then have fourteen (14) days to respond.

For the reasons provided, Defendant's motion to dismiss, dkt. no. 5, is **CONVERTED** into a motion for summary judgment.

**SO ORDERED**, this 25th day of June, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA