**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

EDWARD SCOTT; and DEBBIE
RICHARDS, on behalf of themselves and all
others similarly situated,

               Plaintiffs,

      v.

NORTH AMERICAN INNS, LLC, et al.,

               Defendants.

CIVIL ACTION NO.: 5:19-cv-22

## <u>SCHEDULING ORDER</u>

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, the

Court issues the following scheduling order in this matter.   With the parties having conducted

their Federal Rule of Civil Procedure 26(f) Conference on July 8, 2019, the following deadlines

shall apply.   These deadlines shall not be extended except upon a specific showing of good

cause and order of the Court.  Fed. R. Civ. P. 16(b)(4).   It is the Court's expectation that the

parties will not need an extension of these deadlines.   The showing of good cause necessary to

obtain an extension of any of these deadlines requires a specific showing of what the parties have

accomplished to date in discovery, what remains to be accomplished, and why the parties have

not been able to meet the Court's deadlines.   Bare boilerplate assertions such as "the parties

have diligently pursued discovery to date, but additional time is necessary" will not suffice to

establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension

of any other deadline in this case (including an extension of a deadline to respond to a motion or

file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension.   When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES | August 8, 2019 |
| WRITTEN DISCOVERY UNDER RULES 33 THROUGH 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE[1] | October 11, 2019 |
| DISCOVERY DEPOSITIONS | October 11, 2019 |
| POST-DISCOVERY STATUS REPORT DUE[2] | October 16, 2019 |
| DISCOVERY STATUS CONFERENCE | October 18, 2019 |
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | November 11, 2019 |
| DEPOSITIONS OF ALL WITNESSES (WHETHER FACT OR EXPERT) THAT ARE *DE BEN ESSE* DEPOSITIONS AND TAKEN NOT FOR DISCOVERY BUT FOR USE AT TRIAL | December 11, 2019 |
| PRE-TRIAL ORDER DUE | January 10, 2020 |

---

[1]     The Court fully expects the parties to have initiated all discovery requests by this deadline.

[2]     A Status Report Form is available on the Court's website www.gasd.uscourts.gov under "forms." The parties are directed to use the content and format contained in this Form when reporting to the Court.

The Court **ORDERS** lead counsel for the parties to prepare and file with the Clerk of this Court a joint consolidated proposed pretrial order by January 10, 2020.   If a motion for summary judgment or other dispositive motion is pending at the time of this deadline, the deadline for filing the pretrial order is automatically extended.   In such event, the parties shall file the proposed pretrial order **within 21 days** of this Court's ruling on the motion for summary judgment or other dispositive motion.

The pretrial order shall be in the format for Judge Lisa Godbey Wood.   The required form can be located at the Court's website www.gasd.uscourts.gov under "Forms."   Counsel for Plaintiff shall have the responsibility to initiate compliance.   A party's failure to comply with the requirements hereof may result in dismissal of the Complaint, striking of the Answer, or in other sanctions the Court determines are appropriate.   If any party in this case is not represented by counsel, such party shall be obligated to comply with the requirements hereof in the same manner as counsel.

The Court further **ORDERS** that the Clerk schedule this case for a pretrial conference. At the time of the pretrial conference, the Court will approve, disapprove, or direct amendment of the proposed pretrial order.   Lead counsel for each party shall attend the pretrial conference.

The parties shall attempt to resolve evidentiary objections and potential motions in limine well in advance of the pretrial conference.   Thus, the parties shall not file any evidentiary objections or motions in limine without first seeking to resolve the issues raised in the objection or the motion in limine with the opposing party.   The moving party must state in its evidentiary objections and motions in limine that it has attempted to resolve the issues raised therein with the other parties, and it must further state which other parties oppose the relief sought.

Any evidentiary objections and motions in limine which have not been resolved prior to

the pretrial conference shall be submitted in writing **at least five days** prior to the pretrial conference.   The parties shall not file any motions in limine or evidentiary objections after this deadline without first seeking leave of court.   Leave to file will only be granted upon a showing of extraordinary circumstances.   All responses to evidentiary objections and motions in limine shall be submitted within **14 days** of the filing of the objection or motion.

Proposed pretrial orders which are not consolidated (proposed jointly) will not be accepted for filing without the Court's written permission.

**SO ORDERED**, this 5th day of August, 2019.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA