# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | | |
|---|---|---|
| EDWARD SCOTT, and DEBBIE RICHARDS, on behalf of themselves and all others similarly situated, | ) ) ) ) | CIVIL ACTION FILE NO. 5:19-cv-22-LGW-BWC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | For Violations of the Fair Labor Standards Act of 1938, As Amended |
| NORTH AMERICAN INNS, LLC, SHARMA HOSPITALITY, LLC, and SHAUN B. SHARMA, | ) ) ) ) | |
| Defendants. | ) | |

===============================================================

### DEFENDANT SHAUN B. SHARMA'S DECLARATION IN RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Shaun B. Sharma files this Declaration in Response to contradict and dispute certain alleged facts that Plaintiff's submit as "undisputed" in their Statement of Undisputed Material Facts ("SUMF") fled on February 13, 2020 (Doc. No. 32-1) in support of their Motion for Summary Judgment.

As an organizational tool, Defendants will number this response to correspond with the numbered paragraphs in Plaintiff's SUMF.  Defendant Shaun B. Sharma executes this Declaration under oath and confirms the facts herein as true and correct.

1. Confirmed.

2. DISPUTE as to whether Richards was ever "employed".

3. DISPUTE as to whether Scott was ever "employed".

4. DISPUTE because Defendant's pending Motion to Summary Judgment outlines several applicable exemptions, inter alia, Defendants are not covered by FLSA since the motel at no time since its inception in 2006, has collected $500,000 or more in revenues for a single year.

5. DISPUTE as workers are all paid based on hourly work.

6. Confirmed.

7. DISPUTE as other workers do not consider themselves to be employees, merely because Plaintiffs say they do.

8. DISPUTE. Richards was demoted from property manager to front desk clerk because she was caught doing crack cocaine at the front desk.

9. Confirmed.

10. DISPUTE as Contractors request cash payments for various reasons.

11. DISPUTE as Richards did not work over 12 hours per day. The computer records confirm this. She was not on call 24 hours per day. At any given time Defendants had 3 front desk workers, so each covers no more than 8 hours per day maximum. Desk is closed at midnight, or 2 am on weekends, 10 pm on

Sunday. Additionally, Sharma family members (who live on site) cover the desk as needed for several hours per week.

12. DISPUTE as she was not on call while working as a front desk clerk. Defendants had at least two other desk clerks engaged at all times.

13. DISPUTE as she did not work in excess of 60 hours per week. Richards certainly did not work this much "every week."

14. DISPUTE as Scott did not work over 60 hours per week every week. Scott kept track of his own hours and then stopped working when he was over 40, according to his records. Our work never required more that 40 hours per week from Scott.

15. DISPUTE as Defendants have no employees. All workers do NOT work over 40 hours per week and will testify as such.

16. DISPUTE as they were not employees and did not work overtime.

17. Scott testified that he kept records of his own hours and then stopped working. The handwritten sign in sheets are no longer available.

18. DISPUTE. No workers have ever complained. None have joined in this lawsuit. Only Plaintiff's complained and only after they both left the premises.

19. DISPUTE as Plaintiffs quit because they were hiding from the police.

20. DISPUTE as Scott quit due to a warrant out for his arrest for domestic abuse. He quit and was not terminated.

21. DISPUTE as Richards resigned. She was not terminated.

22. DISPUTE as Sharma Hospitality filed criminal complaint not all Defendants. Sharma Hospitality was not a party to any lawsuit at the time.

23. DISPUTE as Defendants did kept these, but they are now missing.

24. DISPUTE as the DOL review and audit by Alicia Stanton audit approved this record.

25. DISPUTE as the cost is the total annual operating costs divided by the number of usable rooms.

26. DISPUTE as all worker contracts have an election to receive straight wages or wages plus room. All have chosen room, largely based on their own personal lack of alternatives. Most new workers are transient or homeless and appreciate the option. The room is convenient to both parties but is not required of any worker.

27. This rate is for a regular room, not a suite with kitchen and full-size refrigerator and laundry service.

28. DISPUTE. Defendants offer live-in suites valued at $441 per week, plus a $50 charge for laundry, WIFI, cable and phones.

29. DISPUTE as the contract speaks for itself and allows mutual termination by either party for any or no reason.

30. DISPUTE as Defendants operate a motel and explain this to all contractors.

31. Confirmed.

32. DISPUTE as parties do walk through. All rooms are inspected monthly by health and fire departments.

33. DISPUTE as all workers sign this.  Richards did sign one.

34. DISPUTE as Scott did sign an independent contract agreement.  This is why he agreed to move in, accept keep and get paid in cash weekly at the agreed upon amount.

35. Confirmed.

36. DISPUTE as when property manager Richards did have authority to hire/fire other contractors, but the contract would be signed by Defendants.

37. DISPUTE as Paul Sharma set the hours for the contractors.

38. Confirmed.

39. DISPUTE as Richards as property manager did have authority to set rules.

40. DISPUTE as Scott was never terminated.  He beat up his wife and was hiding from police.

41. Confirmed.

42. Confirmed.

43. Confirmed, and this policy was discussed and approved by DOL audit with Alicia Stanton.

44. DISPUE as Richards did negotiate leaving her position at motel in Tifton to come to work at Comfortel Suites.  Both sides agreed on the rate of pay and the lodging accommodation.

45. DISPUTE as the payments were in cash.

46. Confirmed.

47. DISPUTE as Richards was hired and acted as property manager due to her experience in the motel industry, until she was found with illegal drugs at the front desk.

48. DISPUTE as both parties to contract had termination rights, but Defendants did not terminate either Plaintiff.

49. DISPUTE as Scott testified that he acquired tools during his engagement.

50. DISPUTE as they all have the right to work elsewhere.  Both plaintiffs did work elsewhere.

51. DISPUTE as both plaintiffs negotiated their agreements.

52. DISPUTE as Plaintiffs were allowed and encouraged to work elsewhere. Both worked at other jobs and sold items online.

Further Affiant Sayeth Naught.

*[signature]*

Shaun B. Sharma

Date: March 3, 2020

Notary Public:

*[signature]*

My commission expires:                    [Seal]